JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

MARK P. IKE,

       Plaintiff,

  v.

TRICOLOR AUTO GROUP, LLC, and DOES 1 through 10, inclusive,

       Defendants.

Case No.: SACV 16-01576-CJC-JC

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION & BACKGROUND

On August 25, 2016, Plaintiff Mark Ike filed this breach of contract action against Defendant Tricolor Auto Group, LLC ("Tricolor") pursuant to diversity jurisdiction. (Dkt. 1 [Complaint].) According to Plaintiff, he and Defendant entered into a commercial lease agreement for property located in Inglewood, California on April 15,

2014. Defendant allegedly breached that agreement when it made an unauthorized assignment of the lease and failed to give Plaintiff notice of certain renovations on the leased property. Based on this purported conduct, Plaintiff asserts claims for breach of contract, specific performance, and declaratory relief. (*See generally id*.)

At issue is whether the Court has subject matter jurisdiction over Plaintiff's action. Plaintiff Ike is a citizen of California. (*Id.* ¶ 1.) Defendant Tricolor is a limited liability company incorporated in Delaware and with its principal place of business in Dallas, Texas. (*Id.* ¶ 2.) As a limited liability company, however, Tricolor is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). According to Tricolor, one of its members was a California citizen when Plaintiff filed the Complaint, thereby destroying complete diversity between the parties. Tricolor now moves to dismiss the action for lack of subject matter jurisdiction. (Dkt. 37 Ex. E [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. LEGAL STANDARD

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, federal courts are presumed to lack jurisdiction in a particular case "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). In deciding a Rule 12(b)(1) motion challenging subject matter jurisdiction, the burden of proof is on the party asserting

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 8, 2019, at 1:30 p.m. is hereby vacated and off calendar.

jurisdiction, and the court will presume a lack of jurisdiction until the pleader proves otherwise. *See Kokkonen*, 511 U.S. at 377.

A jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (noting that a Rule 12(b)(1) motion "may either attack the allegations of the complaint or . . . attack[] the existence of subject matter jurisdiction in fact"). With a facial attack on the allegations of the complaint, a court must assume the truth of the complaint's non-conclusory allegations. With a factual attack, "a court may look beyond the complaint . . . without having to convert the motion into one for summary judgment . . . [and] need not presume the truthfulness of the [complaint's] allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (internal citations omitted).

## III. DISCUSSION

Plaintiff asserts subject matter jurisdiction based on diversity jurisdiction. Diversity jurisdiction requires "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). Diversity is determined by the citizenship of the parties at the time the complaint is filed. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695–96 (9th Cir. 2005). The citizenship of a natural person is determined by the person's "state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is the person's "permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. The citizenship of a limited liability company is determined by the citizenship of its owners and members. *Johnson*, 437 F.3d at 899.

Defendant argues that as of August 25, 2016, the date Plaintiff filed the Complaint, the sole member of Defendant Tricolor was Tag LLC. The sole member of Tag LLC, in turn, was Ganas Holdings LLC, which had two members: Investar Financial Corporation and Daniel Chu. According to Mr. Chu, as of August 2016, he "resided at 2260 Maravilla Drive in Los Angeles, California and had no intention to relocate to another state." (Mot. at 21 [Declaration of Daniel Chu] ¶ 6; *see* Dkt. 9-1 at ¶ 2 [stating the same].) Because Mr. Chu was a citizen of California when the Complaint was filed, Defendant asserts that Tricolor was also a citizen of California for purposes of diversity jurisdiction. (Mot. at 19–20.)

Plaintiff contends that while Mr. Chu may have "resided" in California for some period of time, there are "numerous indicators" that he was not a citizen *domiciled* in California. *See Kanter*, 265 F.3d at 857 (noting that citizenship is "determined by [the] state of domicile, not [the] state of residence"). First, Plaintiff points the Court to various documents related to property in Dallas, Texas, that Mr. Chu purchased in December 2011. (Dkt. 40-1 [Declaration of James F. Rumm] ¶ 5.) Mr. Chu apparently refinanced his mortgage on the property in January 2017 and sold it in December 2017. (*Id.* ¶ 6.) Second, Plaintiff notes that Texas Motor Vehicle records available through Westlaw indicate Mr. Chu renewed his Texas vehicle registration on June 1, 2016, less than two months prior to the filing of the instant action. (*Id.* ¶ 5.) Finally, Plaintiff notes that in May 2017, Mr. Chu represented in two separate filings before a Texas Probate Court that he "is domiciled in Texas" and "resides in Dallas County" at the property he purchased in December 2011. (*Id.* ¶¶ 3–4.)[2]

---

[2] Plaintiff requests that the Court take judicial notice of the two Texas Probate Court filings. (Dkt. 41.) Courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Plaintiff's request is GRANTED.

Plaintiff has failed to show that the parties were completely diverse when he filed the Complaint. First, Mr. Chu's ownership of a house in Dallas is not determinative of his domicile. *See Kanter*, 265 F.3d at 857 (A person's domicile is his "permanent home, where [he] resides with the intention to remain or to which [he] intends to return."). According to Mr. Chu's sworn declaration, he resided in the Dallas house until 2014, when he moved to California. (Dkt. 42-1 [Response Declaration of Daniel Chu] ¶ 3.) At that time, he purchased a house located at 2260 Maravilla Drive in Los Angeles and transferred all of his furniture and belongings from the Dallas house to his new Los Angeles home. (*Id.*) Because he considered Los Angeles his permanent home and had no intention of relocating, he then leased the Dallas house from 2014 until he sold it in 2017. (*Id.* ¶ 5.) Second, Mr. Chu's Texas vehicle registration likewise fails to establish his domicile there. Mr. Chu avers that he purchased the car for his son and has never used it as his primary vehicle. (*Id.* ¶ 8.) To the contrary, Mr. Chu's businesses provide him with a car to use in Texas, California, and any other location he works. (*Id.*) Third, Mr. Chu's filings in Texas Probate Court fail to establish Mr. Chu's domicile in 2016. Those filings are dated May 11, 2017 and May 15, 2017—nearly nine months after Plaintiff filed the Complaint. However, diversity jurisdiction is determined based on the time *the complaint is filed*. *Harris*, 425 F.3d at 695–96. Plaintiff has failed to explain how representations made to a probate court in May 2017 establish Mr. Chu's domicile in August 2016.

Because Plaintiff has failed to show there was complete diversity at the time the Complaint was filed, Plaintiff has not met his burden of establishing that subject matter jurisdiction exists. Accordingly, the Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).[3]

---

[3] Defendant makes several evidentiary objections to the declaration of James F. Rumm submitted in support of Plaintiff's opposition to Defendant's motion. (Dkt. 43.) Because the Court does not rely on the contested evidence, it need not address Defendant's objections.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

DATED: March 26, 2019

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE